UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
TRUSTEES OF THE 1199SEIU HOME CARE
EMPLOYEES PENSION FUND,

                       *Plaintiffs,*

        -against-                            **COMPLAINT**

                                              **Case No.**   20-cv-10318
BRONXWOOD HOME FOR THE AGED, INC. d/b/a
BRONXWOOD HOME FOR THE AGED, INC.
LICENSED HOME CARE SERVICES AGENCY

                       *Defendant.*
---------------------------------------------------------------------X

      Plaintiffs, Trustees of the 1199SEIU Home Care Employees Pension Fund ("Fund"), by and through their attorneys, Levy Ratner, P.C., hereby complain of Bronxwood Home for the Aged, Inc. d/b/a Bronxwood Home for the Aged, Inc. Licensed Home Care Services Agency ("Bronxwood') for failure to pay withdrawal liability as follows:

## JURISDICTION AND VENUE

      1.      This Court has jurisdiction over this action pursuant to Sections 502(a)(3)(e)(1), and (f) and 4031(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (e)(1), (f), 1451(c).

      2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2), 1451(d).

## PARTIES AND BACKGROUND

      3.      The Fund is a multiemployer employee pension plan within the meaning of Sections 3(2)(3) and (37) of ERISA, 29 U.S.C. §§ 1002(2), (3), (37), established and maintained pursuant to collective bargaining agreements for the purpose of providing pension benefits to

eligible employees of contributing employers, including Defendant. The Fund is administered at 498 7th Avenue, New York, NY 10018.

4.      Plaintiff Trustees are "fiduciaries" of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Sections 502(a)(3) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1451(b).

5.      Upon information and belief, Defendant has its principal place of business at 1468 Williamsbridge Road, Bronx, NY 10461.

6.      Upon information and belief, Eli Scharf is the Director of Bronxwood.

**FACTS**

7.      Defendant was a party to a collective bargaining agreement ("CBA") with 1199SEIU United Healthcare Workers East ("Union"), pursuant to which Defendant agreed to remit monthly contributions to the Fund, calculated as a percentage of Defendant's gross payroll.

8.      The Defendant remitted contributions to the Fund.

9.      As of about August 31, 2019, Defendant no longer employed employees represented by the Union, and its obligation to contribute to the Fund ceased.

10.     The permanent cessation of the obligation to contribute constituted a complete withdrawal from the Fund, as defined by Section 4203(a)(1) of ERISA, 29 U.S.C. § 1383(a)(1).

11.     By completely withdrawing from the Fund, Defendant incurred withdrawal liability pursuant to Section 4201 of ERISA, 29 U.S.C. § 1383.

12. On February 7, 2020, Plaintiffs sent an assessment letter ("Notice and Demand") advising Defendant that it owed withdrawal liability in the amount of $7,720.00, to be paid on April 7, 2020. The Notice and Demand is attached hereto as Exhibit "A."

13. The Notice and Demand advised Defendant that it had ninety days from receipt of the assessment letter to request a review of "any specific matter relating to its determination of the withdrawal liability and schedule of payments" or "identify any inaccuracy in the determination of the amount of the unfunded benefits allocable to Bronxwood," in accordance with the Multiemployer Pension Plan Amendment Act, 29 U.S.C. § 1399(b)(2)(A) and the Fund's Withdrawal Liability Procedures. See Ex. A.  The Notice and Demand also advised that "[t]he payment is to be made in accordance with the enclosed schedule, even if a request for review under MPPAA and the Fund's Withdrawal Liability Policy is filed." Id.; 29 U.S.C. § 1399(c)(2).

14. Defendant did not request a review of the amount or schedule of liability payments within 90 days of receipt of the assessment letter or any time thereafter.

15. Defendant failed to remit its withdrawal liability payment, which was due on April 7, 2020.

16. On April 20, 2020, Plaintiffs sent Defendant a Notice of Failure to Pay Withdrawal Liability ("Notice of Failure to Pay") informing Defendant that it had failed to remit its payment of $7,720.00 and demanding immediate payment of the past due amount plus interest accruing thereon at the rate of seven and three quarters per cent (7.75%) per year from the date due until the date paid. The Notice of Failure to Pay is attached hereto as Exhibit "B." The

Notice of Failure to Pay also stated that if Defendant failed to remit the payment with accrued interest within sixty (60) days from receipt of the Notice of Failure to Pay, Plaintiffs would deem Defendant to be in default and would require immediate payment of the entire withdrawal liability of $7,720.00, plus any interest accrued thereon.

17. Defendant failed and refused to pay the withdrawal liability to the Fund.

## CAUSE OF ACTION

18. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 17 as if fully set forth herein.

19. Pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and Section 10 of the Fund's Withdrawal Liability Procedures, an employer will be deemed in default upon its failure to make a withdrawal liability payment within sixty days after receiving written notice from the Fund that the payment is overdue. The Withdrawal Liability Procedures are attached hereto as Exhibit "C."

20. Pursuant to the Withdrawal Liability Procedures, default results in a demand for immediate payment of all outstanding liability including accrued interest on the total outstanding liability from the due date of the first payment which was not timely made. Such demand may be enforced by a complaint filed in district court. Ex. C §§ 10-12.

21. ERISA Section 4301(b), 29 U.S.C. § 1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as one involving delinquent contributions within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145. ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) provides for that treatment,

as follows: when a judgment in favor of the plan is awarded in such an action, the court shall award the plan the amount of the unpaid contributions, interest accrued thereon, liquidated damages in the greater of the amount of interest due or twenty per cent of the principal due, and reasonable attorney's fees and costs. The Fund's Withdrawal Liability Procedures also provide for these remedies. Ex. C § 12.

22. Pursuant to Section 4219(c)(6) of ERISA, 29 U.S.C. § 1399(c)(6), unpaid withdrawal liability accrues interest at rates in accordance with those prescribed by the Pension Benefit Guaranty Corporation ("PBGC"). In turn, PBGC regulations provide that a plan may adopt other rules for determining the rate of interest to be charged on overdue or defaulted withdrawal liability. 29 CFR 4219.33.

23. The Fund's Withdrawal Liability Procedures provide that interest shall be payable at the greater of the rate established by the Pension Benefit Guaranty Corporation pursuant to section 4219(c)(6) of ERISA, 29 U.S.C. § 1399(c)(6) ("PBGC Rate "), or the prime rate plus 3%. Ex. C § 10.

24. The prime rate for April 7, 2020 to date is 3.25%. The interest rates established by the PBGC for delinquent or defaulted withdrawal liability payments were 4.25% for the period April 7, 2020 through June 30, 2020 and 3.25% for the period July 1, 2020 to date.

25. As such, the Fund applied the prime rate plus 3%. The interest owing to date totals $323.87.

26.     The Defendant has defaulted on its withdrawal liability obligations by failing to pay its withdrawal liability payment within sixty days of receiving notice that the payment was delinquent.

27.     Accordingly, Plaintiffs seek judgment against Defendant for the entire amount of the unpaid withdrawal liability of $7,720.00, interest accruing on the entire withdrawal liability amount from January 21, 2020 until the date paid, liquidated damages in the amount of the greater of (a) $1,544.00 (20% of the total outstanding withdrawal liability of $7,720.00) or (b) the amount of interest accrued on the outstanding principal from the date the first payment was due until the date of judgment, attorney's fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment;

A. finding Defendant Bronxwood liable for withdrawal liability;

B. ordering Defendant to pay the Fund:
   1. $7,720.00 in withdrawal liability
   2. Interest on the entire withdrawal liability amount from the date the first payment was due until the date judgment is entered;
   3. Liquidated damages;
   4. Attorney's fees and costs;

C. granting Plaintiffs such further and other relief as the Court may deem just and proper; and

D. retaining jurisdiction of this case pending compliance with the Court's orders.

Dated: December 8, 2020
      New York, New York

                              LEVY RATNER, P.C.

By:   Kimberly Lehmann
       Attorneys for Trustees of the
         1199SEIU Home Care Employees
         Pension Fund
       80 Eighth Avenue
       New York, New York 10011
       (212) 627-8100
       (212) 627-8182 (fax)